Thomas S. Howard, Esq.
**KIRSCH GARTENBERG HOWARD** LLP
Two University Plaza
Hackensack, New Jersey 07601
(201) 488-4644
thoward@kghlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------------X
WILLIAM T. BRUCK, JR.,

                       Plaintiff,

          -against-

UNITED STATES OF AMERICA, JOHN DOES 1-50
(*being the fictitious names of persons who are not presently known to plaintiff*),

                       Defendants.
---------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff, by his attorneys, alleges for his Complaint against Defendants:

**THE PARTIES**

1. Plaintiff William T. Bruck, Jr. resides at One Ocean Avenue #14, Ocean Grove, New Jersey 07756,

2. The defendants are the United States of America, John Does 1-50.

3. This action arises out of medical and nursing negligence at the Philadelphia VA Medical Center, located at 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104.

4. At all times material hereto, Gary Kao, M.D. was employed at Philadelphia VA Medical Center, located at 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104.

5. The Philadelphia VA Medical Center is owned, operated, and controlled by the Department of Veterans Affairs, which is an agency of the United States of America.

6. At all material times hereto, Gary Kao, M.D. was acting within the scope of his employment in connection to the allegations in this Complaint.

## JURISDICTION

7. This action is brought pursuant to 28 U.S.C. §§ 1346(b), and 28 U.S.C. §§ 2671-2680 *et seq.*, commonly known as the "Federal Tort Claims Act", which vests exclusive subject matter jurisdiction of suits such as this in the United States District Court.

8. The personal injuries and resulting damages of which this Complaint is made were proximately caused by the negligence, wrongful and intentional acts and/or omissions of employees of the United States of America and the Department of Veterans Affairs at the Philadelphia VA Medical Center in Philadelphia, Pennsylvania.

## VENUE

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a defendant and plaintiff resides in this district.

## JURISDICTIONAL PREREQUISITES

10. Plaintiff pleads pursuant to 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Department of Veterans Affairs on December 29, 2008 for the claim of plaintiff William T. Bruck, Jr. More than six months have passed since that filing and these claims have been deemed denied by plaintiff for inaction by the Department of Veterans Affairs. Accordingly, plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this lawsuit.

## FIRST COUNT
### (Negligence)

11. Plaintiff repeats and realleges each and every one of the preceding allegations contained in this Complaint.

12. At all times material hereto, plaintiff William T. Bruck, Jr. was a patient at the Philadelphia VA Medical Center beginning on or about February 2006 and continuing to June of 2008.

13. At all times material hereto, Gary Kao, M.D. was and is a physician licensed to practice medicine or to provide health care services in the state of Pennsylvania and provided negligent services and deviated from the applicable standard of care with respect to plaintiff William T. Bruck, Jr. causing the damages, losses and injuries set forth in this Complaint.

14. At all times material hereto, defendants John Does 1-50 were and are agents, officers, servants, employees who are and were members of the staff of, or have practice privileges at Philadelphia VA Medical Center whose identities are not presently known by plaintiffs and are thus fictitiously designated, and who provided negligent services and deviated from the applicable standard of care with respect to plaintiff William T. Bruck, Jr. causing the damages, losses and injuries set forth in this Complaint.

15. At all times material hereto, all persons involved in the medical and health care services provided to plaintiff William T. Bruck, Jr. at the Philadelphia VA Medical Center, respectively, were agents, servants, and/or employees of the Department of Veteran Affairs, or some other agency thereof, and were at all times hereto, acting within the course and scope of such employment.

16. At all times material hereto, defendants stood in such a relationship with each other in their care and treatment of plaintiff William T. Bruck, Jr. so as to make each liable for the acts and/or omissions of the other defendants.

17. Defendant through its agents, officers, servants, and employees, including Gary Kao, M.D. negligently failed, refused and/or neglected to perform duties to provide reasonable and adequate healthcare to and for plaintiff William T. Bruck, Jr..

18. Defendant through its agents, officers, servants, and employees including Gary Kao, M.D. owed a duty to the patients at the Philadelphia VA Medical Center, including plaintiff William T. Bruck, Jr., to provide professional and appropriate medical care and treatment, including, without limitation the duty to hire, train, and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff William T. Bruck, Jr. in a reasonably safe and beneficial manner and in accordance with the applicable standards of care.

19. As a result of the foregoing acts and/or omissions, plaintiff William T. Bruck, Jr. was subject to the negligence of defendant's agents, officers, servants, and employees including Gary Kao, M.D in their failure to provide professional and appropriate medical care and treatment, including, without limitation, the duty to hire, train, and supervise employees and independent contractors that delivered care and services to plaintiff William T. Bruck, Jr. in a reasonably safe and beneficial manner and to provide medical care and services to plaintiff William T. Bruck, Jr. in accordance with the applicable standards of care; negligently failing to consult with or refer plaintiff William T. Bruck, Jr. to medical personnel with proper skill and training to diagnose and treat his prostate cancer; negligently performing physical examinations and surgical procedures on plaintiff William T. Bruck, Jr.; negligently failing to coordinate

plaintiff William T. Bruck, Jr.'s medical care; negligently failing to communicate significant medical findings to plaintiff William T. Bruck, Jr. in connection with his care, treatment and medical condition; negligently failing to provide appropriate medical treatment to plaintiff William T. Bruck, Jr.; negligently failing to obtain a proper and informed consent for the treatments rendered to plaintiff William T. Bruck, Jr.; negligently failing to monitor the condition of plaintiff William T. Bruck, Jr. following treatment and surgical procedures; negligently failing to have appropriate reporting mechanisms in place for medical mistakes; negligently failing to have appropriate safety guidelines and protocols in place to oversee treatment of patients including plaintiff William T. Bruck, Jr.; negligently failing to have appropriate oversight and review of patients' treatment including the treatment of plaintiff William T. Bruck, Jr.; and were otherwise negligent and careless and otherwise deviated from accepted standards of medical care in the treatment of plaintiff William T. Bruck, Jr.

20. As a direct and proximate result of the aforesaid negligence, deviations from the standard of care and breach of duty, plaintiff William T. Bruck, Jr. suffered serious injuries including, but not limited to, implantation of the radioactive seeds into healthy tissue, erectile dysfunction, severe pain, unremitting and severe headaches, unremitting and severe depression, unremitting severe emotional distress, stress, anxiety, mental anguish, embarrassment and humiliation, all of which have had and are expected to continue to have adverse effects on his psychological health and condition.

### SECOND COUNT
### (Medical Malpractice and Professional Negligence at Philadelphia VA Medical Center)

21. Plaintiff repeats and realleges each and every one of the preceding allegations contained in this Complaint.

22. Plaintiff William T. Bruck, Jr. was under the medical diagnosis, care and treatment of defendants, their agents, servants and employees.

23. Defendant through its agents, officers, servants, and employees including Gary Kao, M.D. rendered such medical care and treatment in a careless, reckless, and/or negligent manner constituting professional negligence including, but not limited to, negligently failing to properly treat plaintiff; negligently failing to properly prevent, treat, and help to heal prostate cancer; negligently failing to implant radioactive seeds in plaintiff William T. Bruck, Jr.'s prostate, negligently implanting radioactive seeds into healthy tissues, negligently handling radioactive seeds; failing to take all necessary precautions in order to prevent flawed implantation of radioactive seeds; failing to perform timely and appropriate work-ups; failing to render timely, appropriate and accurate post-operative care, in failing to appropriately perform surgical procedures; failure to properly perform necessary safety assessments to protect plaintiff William T. Bruck, Jr. from unsafe conditions; failing to develop and implement an appropriate plan of care and treatment; failing to promptly notify plaintiff William T. Bruck, Jr. of incidents and accidents which resulted in his injuries; failing to properly supervise medical personnel; failing to terminate employee(s) that defendants knew, or should have known, were incompetent; failing to provide for the safety of plaintiff's decedent including failure to prevent complications and risks associated with the implantation of radioactive seeds; failing to notify appropriate state and/or federal authorities of the mishandling and flawed implantation of radioactive seeds into patients at the Philadelphia VA Medical Center; negligently failing to assess and properly treat plaintiff William T. Bruck, Jr.; negligently failing to properly prevent the mishandling and flawed implantation of radioactive seeds into patients at the Philadelphia VA Medical Center; failing to implement and follow appropriate reporting procedures failing to render timely,

appropriate and accurate post-operative care, and failing to appropriately perform surgical procedures resulting in severe and permanent personal injury to plaintiff William T. Bruck, Jr.

24. The acts and omissions committed by employees and agents of defendant were pervasive events that occurred and continued throughout plaintiff William T. Bruck, Jr.'s admission at defendant's facilities, prior thereto, and continuing in his treatment thereafter, and were such that supervisors, administrators and managing agents of defendants should have been aware of them and refused and/or failed to implement adequate measures to correct and prevent the recurrence of same.

25. Defendant through its agents, officers, servants, and employees including Gary Kao, M.D. was put on notice of violations of the federal regulations setting minimum standards of care which violations placed their patients, including plaintiff William T. Bruck, Jr., in serious danger of injury and/or illness.

26. Defendant through its agents, officers, servants, and employees including Gary Kao, M.D. failed to properly hire, train, supervise and/or monitor staff, and by failing to implement policies and procedures to correct institutional-wide problems,

27. As a direct and proximate result of the aforesaid negligence, deviations from the standard of care and breach of duty, plaintiff William T. Bruck, Jr. suffered serious injuries including, but not limited to, implantation of the radioactive seeds into healthy tissue, erectile dysfunction, severe pain, unremitting and severe headaches, unremitting and severe depression, unremitting severe emotional distress, stress, anxiety, mental anguish, embarrassment and humiliation, all of which have had and are expected to continue to have adverse effects on his psychological health and condition.

## THIRD COUNT
## (MEDICAL BATTERY)

28. Plaintiff repeats and realleges each and every one of the preceding allegations contained in this Complaint.

29. At all times material hereto, plaintiff William T. Bruck, Jr. was under the care and treatment of Gary Kao, M.D. at the Philadelphia VA Medical Center.

30. At all time material hereto, Dr. Kao was acting within the scope of his employment at the Philadelphia VA Medical Center.

31. At all times material hereto, plaintiff William T. Bruck, Jr. did not consent nor permit implantation of radioactive seeds into healthy tissue, including without limitation, his penile sac.

32. Gary Kao, M.D. intentionally implanted radioactive seeds into plaintiff William T. Bruck's healthy tissue by contacting or touching the healthy tissue with needles containing the radioactive seeds without plaintiff William T. Bruck Jr.'s permission or consent.

33. As a direct and proximate result of the aforesaid intentional actions of Gary Kao, M.D., plaintiff William T. Bruck, Jr. suffered serious injuries including, but not limited to, implantation of the radioactive seeds into healthy tissue, erectile dysfunction, severe pain, unremitting and severe headaches, unremitting and severe depression, unremitting severe emotional distress, stress, anxiety extreme emotional distress, mental anguish, embarrassment and humiliation, all of which have had and are expected to continue to have adverse effects on his psychological health and condition.

WHEREFORE, plaintiff William T. Bruck, Jr. prays for judgment against the defendants for compensatory and future damages for pain, suffering and emotional distress with interest, costs and attorney's fees, and such other relief as is proper.

### CERTIFICATE OF MERIT

Annexed hereto is a Certificate of Merit.

### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned certifies that, the within matters in controversy are the subject of an action pending the United States District Court for the District of New Jersey under case number 09-5400. The undersigned further certifies that that no other party should be joined, except with respect to the allegations against the fictitious or partial names of persons still to be learned in charge of the treatment and medical care provided to plaintiff.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 30, 2010

**KIRSCH GARTENBERG HOWARD LLP**
*Attorneys for Plaintiff*

By: s/Thomas S. Howard, Esq.

*Co-counsel:*

Leslie Lewis, Esq.
THE JACOB D. FUCHSBERG LAW FIRM, LLP
500 Fifth Avenue, 45th Floor
New York, New York  10110

H:\2900-019 Bruck\Pleadings\Complaint and Answer\Second Complaint.doc